UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Corporate Accountability Lab**, 6214 N. Glenwood Ave., Chicago, IL 60660,<br><br>**Plaintiff,**<br><br>vs.<br><br>**The Hershey Company**, 19 E. Chocolate Ave., Hershey, PA 17033 and **The Rainforest Alliance Inc.**, 125 Broad Street, New York, NY 1004,<br><br>**Defendants.** | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant The Hershey Company ("Hershey") hereby removes this action pursuant to 28 U.S.C. §§ 1332(a); 1441(a), (b); and 1446 from the Superior Court of the District of Columbia, Civil Division to the United States District Court for the District of Columbia. The grounds for removal are set forth below.

### I. BACKGROUND

1. On October 27, 2021, Plaintiff Corporate Accountability Lab ("Plaintiff") commenced this action against Hershey in the Superior Court for the District of Columbia as Civil Action No. 2021 CA 3981 B. Hershey was served on November 9, 2021. This Notice of Removal is timely because it is filed within 30 days of service. *See* 28 U.S.C. § 1446(b).

2. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, the Summonses, all documents filed with the District of Columbia Superior Court, and the Superior Court Docket Report are attached as **Exhibit A**. These documents comprise all process, pleadings, and orders filed to date in this action.

3. Pursuant to 28 U.S.C. § 1446(d), Hershey will promptly give written notice of this

Notice of Removal to Plaintiff's counsel and file a copy of the same with the Clerk of the Superior Court of the District of Columbia, Civil Division.

4. Plaintiff, a self-described public-interest organization based in Chicago, Illinois, purports to bring this suit on behalf of itself, its members, and the general public of the District of Columbia against Hershey, a Delaware corporation headquartered in Pennsylvania, and against Rainforest Alliance, a New York corporation headquartered in New York. Compl. ¶¶ 75, 78, 79.

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties are completely diverse and Plaintiff seeks injunctive relief that, if granted, would cost well in excess of $75,000 to implement.

6. Plaintiff alleges that Hershey has engaged in "unlawful trade practice[s]" in violation of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*, through "false and misleading" advertising regarding Hershey's sustainability efforts and its commitment to responsible sourcing of cocoa. Compl. ¶¶ 10, 19. Plaintiff contends that Hershey markets and promotes its products as "grown and harvested on farms and forests that follow sustainable practices" when, according to Plaintiff, certain Hershey products "have a well-documented connection to child labor and other exploitative labor practices." Plaintiff further contends that, although certain Hershey products have been certified by Rainforest Alliance and are labeled as such, that certification misleads consumers because it "does little to guarantee sustainability in the cocoa supply chain." *Id.* ¶¶ 8, 9.

7. Plaintiff claims to bring this case "on behalf of the general public and District consumers," *id.* ¶ 87, although it simultaneously emphasizes that "[t]his is not a class action, or an action brought on behalf of any specific consumer," and that "[n]o class certification will be requested," *id.* ¶ 18.

8. Plaintiff seeks "a declaration that Defendants' conduct is in violation of the CPPA" and an injunction that bars all of the statements and conduct challenged in its Complaint. *Id.* Prayer for Relief. Plaintiff also seeks "costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law." *Id.* Plaintiff "does not seek damages." *Id.* ¶ 19.

## II. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332(a), which confers jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are from different states. This case satisfies both requirements.

### A. The Parties Are Completely Diverse.

10. Hershey is a Delaware corporation with its principal place of business in Pennsylvania. Compl. ¶ 75 & **Exhibit B.**

11. Rainforest Alliance is a nonprofit organization incorporated in New York with its principal place of business in New York. Compl. ¶ 77 & **Exhibit C**.

12. Plaintiff is organized under the laws of Illinois and has its principal place of business in Illinois. *See* **Exhibit D**.

13. Because Plaintiff shares no state citizenship with either Defendant, the parties are completely diverse.

### B. The Amount in Controversy Exceeds $75,000.

14. A party seeking to remove an action to federal court need make only a "plausible

allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Supporting evidence is required only if "plaintiff contests, or a court questions, the defendant's allegation." *Id.*; *see also Beyond Pesticides v. Dr. Pepper Snapple Grp., Inc.*, 322 F. Supp. 3d 119, 121 (D.D.C. 2018).

        (1)    The Cost of Injunctive Relief Exceeds $75,000

15. This suit satisfies the $75,000 jurisdictional threshold because Plaintiff seeks sweeping injunctive relief that, if granted, would cost Hershey more than $75,000 to implement. *See, e.g.*, Compl. ¶ 19 ("CAL seeks to end the unlawful conduct directed at D.C. consumers.").[1]

16. Where, as here, a plaintiff seeks injunctive relief, the amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In this Circuit, courts measure the amount in controversy either by the "value of the right that plaintiff seeks to enforce or to protect" or "the cost to the defendant[] to remedy the alleged" wrongdoing. *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978); *GEO Specialty Chems., Inc. v. Husisian*, 951 F. Supp. 2d 32, 39 (D.D.C. 2013) ("The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant.").

17. Plaintiff's requested injunctive relief would have widespread effects across Hershey's public-facing statements, its product portfolio, and its sustainability programs, and the cost to comply would vastly exceed the jurisdictional threshold. *See* Compl. ¶ 19; *Organic Consumers Ass'n v. Hain Celestial Grp., Inc.*, 285 F. Supp. 3d 100, 102 & n.2 (D.D.C. 2018) (diversity jurisdiction proper in CPPA case where plaintiff sought "corrective advertising and

---

[1] Hershey does not concede that Plaintiff is entitled to the relief it seeks. The plaintiff's "claim, whether well or ill-founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

revised labeling").

18.     The Complaint challenges as "misleading" Hershey's public communications including online advertising, corporate literature, and social media, as well as aspects of Hershey's product labeling and its corporate sustainability initiatives. Compl. ¶¶ 28, 69. As set forth in the attached Declaration of Whitney Mayer, Hershey would incur well in excess of $75,000 in expenses to remove the challenged statements, relabel the challenged products, and reformulate its sustainability initiatives to suit Plaintiff's demands. *See* **Exhibit E**.

        (2)     The non-aggregation principle does not apply.

19.     As Plaintiff expressly alleges, this is "not a class action" or "an action brought on behalf of any specific consumer." Compl. ¶ 18. Because the case involves only one plaintiff, it does not implicate the non-aggregation principle, which generally prohibits courts from aggregating the "***separate and distinct claims*** of ***two or more plaintiffs***" when calculating the amount in controversy. *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (emphasis added).

20.     Even if the Complaint were interpreted to include additional plaintiffs—despite its express disclaimers to the contrary—the anti-aggregation principle still would not apply. The injunctive relief Plaintiff seeks—to enjoin allegedly misleading advertising—is a "common and undivided interest," a widely recognized exception to the non-aggregation principle. *Id.* at 335 (non-aggregation does not apply where "two or more plaintiffs unite to enforce a single title or right in which they have a common or undivided interest"); *Nat'l Welfare Rights Org. v. Weinberger*, 377 F. Supp. 861, 866 (D.D.C. 1974) ("[A] common and undivided claim exists when the adversary of the class has no interest in how the claim is to be distributed among the class members.").

21.     Courts in this District routinely assert federal jurisdiction over CPPA cases that seek to further a "common and undivided" interest and hold that the non-aggregation principle does

not apply. *See Beyond Pesticides*, 322 F. Supp. 3d at 122 (diversity jurisdiction proper where plaintiff sought disgorgement of profits from allegedly mislabeled apple sauce products); *Williams v. Purdue Pharm. Co.*, Civ. Act. No. 02-0556, 2003 U.S. Dist. LEXIS 19268, at *12-20 (D.D.C. Feb. 27, 2003) (disgorgement under the CPPA is a common and undivided claim that would exceed $75,000); *see also Mostofi v. Network Capital Funding Corp.*, 798 F. Supp. 2d 52, 55 (D.D.C. 2011) (recognizing that CPPA claims seeking disgorgement could be aggregated).[2]

22. Courts outside this Circuit have similarly recognized that injunctive relief to correct allegedly misleading advertising constitutes a "common and undivided" interest. Indeed, several courts have asserted federal jurisdiction in such circumstances because the cost to defendant would "be the same no matter how many plaintiffs obtained that award." *Tires Prods. Liab. Litig. v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc.)*, 256 F. Supp. 2d 884, 896 (S.D. Ind. 2003) (injunction against "affirmative misrepresentations in defendant's advertising" was a common and undivided interest); *see also Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 898 (10th Cir. 2006) ("requested relief would require [defendant] to make significant changes to its business practices . . . [and] the compliance cost to any single plaintiff exceeds the requisite amount in controversy"); *Adoure v. Gillette Co.*, Civ. Act. No. 05-11177, MDL Dkt. No. 1704, Civ. Act. No. 12336, 2007 U.S. Dist. LEXIS 2641, at *20 (D. Mass. Jan. 11, 2007) (diversity jurisdiction based on the "cost of corrective advertising in the California market alone" which would exceed

---

[2] The D.C. Circuit has yet to address the precise question of how to calculate the cost of an injunction in a CPPA case where a sole plaintiff claims not to bring claims on behalf of a class or "on behalf of any specific consumer." Lower courts in the District have concluded that the cost of a CPPA injunction must be prorated across the potential beneficiaries of the injunction. *See, e.g.*, *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811, 2020 U.S. Dist. LEXIS 38232, at *9 (D.D.C. Mar. 5, 2020). Such an approach, however, would be illogical on these facts given that there are no potential "class" members. To the extent there are other potential beneficiaries of Plaintiff's requested injunction, as detailed above, their interest is common and undivided, and is therefore not subject to the anti-aggregation rule.

$75,000 threshold); *Loizon v. SMH Societe Suisse de Microelectronics*, 950 F. Supp. 250, 254 (N.D. Ill. 1996) (injunctive relief in the form of advertising to warn the public about possible radiation amounted to an "undivided interest").[3]

23. The injunction Plaintiff seeks in this case is a quintessential "common and undivided" claim. Hershey would incur the same expense to remove and revise its communications and advertisements and develop a compliant advertising and sustainability strategy regardless of whether Plaintiff demanded such action alone or "on behalf of the general public."

        (3)    <u>An estimate of reasonable attorneys' fees further supports diversity jurisdiction.</u>

24. Under the CPPA, attorneys' fees may be awarded to the prevailing party based on the amount of time reasonably expended, *see* D.C. Code § 28-3905(k)(2)(B), and in this District, attorneys' fees "may be counted towards establishing a jurisdictional amount when they are

---

[3] Several other courts have likewise concluded that injunctive relief satisfies the "common and undivided" exception to the non-aggregation principle. *See In re GMC*, Case No. MDL 04-1600, 2005 U.S. Dist. LEXIS 37171, at *21-22 (W.D. Okla. July 6, 2005) ("The parties have demonstrated that the cost to GM of complying with an injunction mandating an engine redesign effort or halting GM's sales of the defective engines would exceed the jurisdictional minimum."); *Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 483 (M.D.N.C. 1998) ("[B]ecause the defendant will sustain this loss even if only one plaintiff were to obtain the injunction, this is a case where plaintiffs have an undivided interest in the injunction"); *Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1472-73 (N.D. Ala. 1996) (because the equitable relief sought "would benefit the putative class as a whole and not just any individual plaintiff," each plaintiff "has a common interest in the injunctive and declaratory relief"); *Edge v. Blockbuster Video, Inc.*, 10 F. Supp. 2d 1248, 1251 (N.D. Ala. 1997) (plaintiffs had a common and undivided interest in an injunction to "prohibit the defendants from continuing to charge 'excessive' late fees against the members of the class" because it would deter a course of conduct as a whole and would inure to the "public benefit -- the collective good"); *In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819, 836 (E.D. Mich. 1999) ("Plaintiffs seek injunctive relief that will benefit the class as a whole. Defendants' costs of compliance do not depend upon the size of the class or the identity of its members. Accordingly, it is based upon a common and undivided interest and constitutes an integrated claim; its entire value may be considered when determining whether the amount-in-controversy requirement for diversity jurisdiction is satisfied, and that requirement is satisfied here.").

provided for by . . . [the] statute in controversy." *Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014).

25.  Plaintiff seeks "an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees." Compl., Prayer for Relief. Attorneys' fee awards under the CPPA routinely exceed the $75,000 jurisdictional threshold, as CPPA actions, such as this one, often require hundreds of hours of work by plaintiff's counsel. Courts in CPPA cases have awarded fees and expenses that range into the hundreds of thousands of dollars. *See, e.g.*, *Williams v. First Gov't Mortg. & Inv'rs Corp.*, 225 F.3d 738, 745-47 (D.C. Cir. 2000) ($199,340); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 20 (D.D.C. 2014) ($854,623.90); *In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 289 (D.D.C. 2009) ($453,885.31); *Dist. Cablevision L.P.* v. *Bassin*, 828 A.2d 714, 718 (D.C. 2003) ($425,916.25); *Jackson v. Byrd*, Civ. No. 01-825, 2004 WL 3249692, at *4 (D.C. Super. Ct. Sept. 2, 2004) ($196,000). These cases are representative of the substantial fees Plaintiff could recover if it prevails and further support removal on diversity jurisdiction grounds.

26.  In sum, because the parties are completely diverse and the amount in controversy plausibly exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

### III.  CONCLUSION

27.  For all of the foregoing reasons, this action is properly removed to this Court.

28.  Hershey reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rules of Civil Procedure.

WHEREFORE, Defendant Hershey respectfully removes this action from the Superior Court of the District of Columbia (Case No. 2021 CA 3981 B) to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

being contemporaneously filed with the Clerk of the District of Columbia Superior Court and served upon Plaintiff.

Dated: December 8, 2021                             Respectfully submitted,

                                                                /s/ Anthony T. Pierce
Anthony T. Pierce (D.C. Bar No. 415263)
Miranda A. Dore (D.C. Bar No. 1617089)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 887-400
apierce@akingump.com
mdore@akingump.com

Steven A. Zalesin (*pro hac vice application to be filed*)
Jonah M. Knobler (*pro hac vice application to be filed*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
sazalesin@pbwt.com
jknobler@pbwt.com

*Attorneys for The Hershey Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 8, 2021, the foregoing was served on all parties by operation of this Court's Electronic Filing System.

                                      */s/ Anthony T. Pierce*
                                        Anthony T. Pierce