**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CORPORATE ACCOUNTABILITY LAB,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 21-3225 (TFH)** |
| **THE HERSHEY COMPANY, and THE RAINFOREST ALLIANCE, INC.,** | |
| **Defendants.** | |

## OPINION AND ORDER

On October 27, 2021, Corporate Accountability Lab ("CAL") filed a complaint in the Superior Court of the District of Columbia against The Hershey Company ("Hershey") and The Rainforest Alliance, Inc. for violations of the District of Columbia Consumer Protection Procedures Act ("the CPPA"), D.C. Code § 28-3901, *et seq*.  Compl. ¶¶ 86-92 [ECF No. 1-1]. CAL alleges that the defendants have violated the CPPA by falsely and deceptively marketing Hershey's Rainforest Alliance products as "sustainable" and "responsible."  Compl. at 1.  CAL seeks only declaratory and injunctive relief; it does not seek monetary damages.  *Id.* at ¶ 19.

On December 8, 2021, Hershey removed the case from the Superior Court to this Court, asserting that jurisdiction exists under 28 U.S.C. § 1332(a) because "the parties are completely diverse and Plaintiff seeks injunctive relief that, if granted, would cost well in excess of $75,000 to implement."  *See* Notice of Removal ¶ 5 [ECF No. 1]; 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different

States.")  On January 21, 2022, CAL moved to remand the case to Superior Court, arguing that

this Court lacks subject matter jurisdiction because "Hershey has failed to meet its burden in

establishing the amount in controversy."  Mem. of P. & A. at 2 [ECF No. 14-1].  CAL also seeks

to recover its fees and costs associated with litigating the motion to remand.  *Id.* at 11.  For the

reasons that follow, the Court finds that this case should be remanded but declines to award CAL

its fees and costs associated with removal.

As the removing party, it is Hershey's burden to demonstrate that the Court has

jurisdiction over this case.  *See Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 43

(D.D.C. 2020).  In the absence of such a showing, the Court is required to remand the case.  *Id.*;

*see also Republic of Venezuela v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002)

("When it appears that a district court lacks subject matter jurisdiction over a case that has been

removed from a state court, the district court must remand the case.").  Here, there is no dispute

that the parties have complete diversity of citizenship.  The only issue, then, is whether Hershey

has met its burden of establishing the amount in controversy.

In order to calculate the amount in controversy in CPPA actions such as this, courts in

this District have uniformly held that "the cost of the injunction [to the defendants] must be

divided pro rata among District of Columbia consumers."  *Rasay v. Pepperidge Farm, Inc.*, No.

22-cv-449 (BAH), 2022 WL 4300061, at *7 (D.D.C. Sept. 19, 2022) (quoting *Earth Island Inst.

v. BlueTriton Brands*, 583 F. Supp. 3d 105, 109 (D.D.C. 2022) (collecting cases)).  Allowing

Hershey to "rely on the total cost of compliance would violate the non-aggregation principle,"

*Toxin Free USA*, 507 F. Supp. 3d at 46, which applies here even though CAL is the only

organizational plaintiff, *GMO Free USA v. Burt's Bees, Inc.*, No. 22-cv-01227 (DLF), 2022 WL

16991568, at *1 (D.D.C. Nov. 15, 2022).  The Court also reject's Hershey's contention that the

non-aggregation principle does not apply here because "the injunctive relief CAL seeks—a wholesale change to Hershey's business practices—is a 'common and undivided interest' with respect to the injunctions beneficiaries." Def. Opp'n at 12; *see Earth Island Inst. v. Blue Triton Brands*, 583 F. Supp. 3d. 105 (D.D.C. 2022). Accordingly, the Court finds that the non-aggregation principle applies, and to meet its burden of establishing the amount in controversy for purposes of subject matter jurisdiction Hershey must demonstrate that its cost of compliance with CAL's requested injunctive relief would exceed $75,000 per District of Columbia consumer. Hershey has not even attempted to make that showing.

The non-aggregation rule similarly applies to requests for attorneys' fees in CPPA cases, and Hershey has failed to establish "that the pro rata amount of attorneys' fees that would be attributable to [CAL] as a member of the general public would exceed $75,000." *Earth Island*, 538 F. Supp. 3d at 112. For all of these reasons, Hershey has failed to establish that this case satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

Finally, the Court finds that CAL is not entitled to recoup its costs and fees associated with removal. Pl.'s Mem. of P. & A. at 11-12. "Absent unusual circumstances," a court can require payment of costs and fees associated with removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is objectively reasonable when it 'has at least some logical and precedential force.'" *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 358 (D.D.C. 2018) (quoting *Knop v. Mackall*, 645 F.3d 381, 383 (D.C. Cir. 2011)). Here, the Court cannot find that Hershey's removal was "objectively unreasonable" absent "clear, controlling case law from the D.C. Circuit." *Earth Island*, 538 F. Supp. 3d at 112; *see also Breathe DC v. Santa Fe Nat'l Tobacco Co.*, 232 F. Supp. 3d 163, 172 (D.D.C. 2017)

("Given the lack of controlling precedent in this Circuit . . . and notwithstanding the thrust of the opinions in the district courts in this Circuit, defendants did not lack an 'objectively reasonable basis for removal.'").

For the foregoing reasons, it is hereby

**ORDERED** that CAL's  Motion to Remand and for Fees and Costs [ECF No. 14] is **GRANTED IN PART and DENIED IN PART**.  It is

**FURTHER ORDERED** that CAL's motion to remand is **GRANTED** and the case is **REMANDED** to the Superior Court of the District of Columbia.  It is

**FURTHER ORDERED** that CAL's request for fees and costs is **DENIED**.  And it is

**FINALLY ORDERED** that the Clerk of Court is directed to remand this case to the Superior Court of the District of Columbia.

**SO ORDERED.**

February 5, 2023

_____

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE